UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH L. PIKAS, on Behalf of Himself and All Other Persons Similarly Situated<br><br>Plaintiffs<br><br>v.<br><br>THE WILLIAMS COMPANIES, INC., et al.<br><br>Defendants | CASE NO. 4:08-CV-0101-GKF-SAJ |

### PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND MEMORANDUM IN SUPPORT THEREOF

Plaintiffs respectfully move the Court to certify this case as a class action pursuant to Fed. R. Civ. P. 23(a) & (b)(3) on behalf of named plaintiff Joseph L. Pikas and all other members of the class defined as:

> All vested participants in the Williams Pension Plan ("Williams Plan") and/or the predecessor Transco pension plans ("Transco Plan") who (a) retired or terminated from employment on or after November 15, 1991, (b) were entitled to receive pension benefits consisting, in whole or in part, of a pension benefit under the Transco Plan or a Grandfathered Pension, Early Grandfathered Pension, or Deferred Grandfathered Pension pursuant to Appendix XIX of the Williams Plan, and (c) elected to receive their pension benefits in the lump sum form of payment.

Complaint at ¶ 8.  Plaintiffs respectfully request that the Court approve Joseph L. Pikas as Class Representative, Thomas R. Theado and Jeffrey C. Engerman and their respective firms as Class Counsel, and Patrick E. Carr and his firm as Local Counsel for the class.

Plaintiffs assert common claims to redress violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq., and recover benefits due them under the terms of the plan.  The case turns on a single, admitted fact—that the lump sum distributions of pension benefits issued to the named plaintiff and other class members did

not take into account COLA increases which were applicable to the same pension benefits when distributed in the annuity form of payment. The primary liability issue is straightforward—whether Defendants' payment of lump sum distributions that did not take into account the COLA increases applicable to annuities violated the requirement of ERISA § 204(c)(3), 29 U.S.C. § 1054(c)(3), that a lump sum distribution "shall be the actuarial equivalent" of the participant's annuity benefit commencing at normal retirement age.

The liability issues can be determined for the named plaintiff and all other class members in a single adjudication, and the pension benefits they are due can be readily determined for each class member. This case satisfies the class certification requirements of Rule 23(a) and eminently qualifies for certification under Rule 23(b)(3).[1]

## I. THE FACTS AND CLAIMS

This statement of the facts and claims is based on Plaintiffs' Class Action Complaint for Benefits Due Under the Terms of a Pension Plan, and for Other Relief ("Complaint") [Docket No. 2]; Defendants' Original Answer ("Answer") [Docket No. 6]; and four affidavits consisting of the Affidavit of Joseph L. Pikas [Exh. 1], Affidavit of Thomas R. Theado [Exh. 2]; Affidavit of Jeffrey C. Engerman [Exh. 3];and Affidavit of Patrick E. Carr [Exh. 4].

All of the facts set forth below were admitted by Defendants in the cited paragraphs of their Answer.

---

[1] Rule 23(c)(1)(A) provides that the Court should determine class certification "[a]t an early practicable time." This is "an early practicable time" within the meaning of the Rule. This case was originally filed in the Southern District of Ohio, and Plaintiffs' motion for class certification was necessarily postponed during that court's consideration of Defendants' motions to dismiss or for a change of venue. The order granting a change of venue was entered on February 8, 2008. Thereafter, Plaintiffs waited for the transfer to this Court, and then for the filing of the Answer which occurred on March 10, 2008. In the Answer, the facts relevant to class certification have been admitted. Thus, in accordance with Rule 23(c)(1)(A), the Court should consider and determine the question of class certification now.

### A. The Parties and Pension Plans

On April 18, 1966, named plaintiff Joseph L. Pikas became employed by Transco Gas Pipe Line Corporation. Mr. Pikas worked continuously for Transco or its successors-in-interest from 1966 until his retirement in 2002, during which the company underwent a series of corporate changes. In 1995, Transco (then known as Transco Energy Company) was acquired by The Williams Companies, Inc. ("Williams Companies" or "Williams"). Complaint & Answer at ¶ 3; Affidavit of Joseph L. Pikas ("Pikas Aff.") [Exh. 1] at ¶ 2.

During his employment, Mr. Pikas was a participant in Transco's pension plan ("Transco Plan") which underwent similar changes. As of December 31, 1998, the Transco Plan—then called the Transco Energy Company Retirement Plan—was merged into the Williams Pension Plan ("Williams Plan"), and Mr. Pikas became a participant in the Williams Plan from then until his retirement. Complaint & Answer at ¶ 4; Pikas Aff. at ¶ 3. He retired on September 9, 2002 and elected to receive his benefits in a lump sum, which he received in November 2002. Complaint & Answer at ¶ 5; Pikas Aff. at ¶ 4.

Defendant Williams Pension Plan was the pension plan in which Mr. Pikas was a participant at the time of his retirement in 2002. It is also the successor-in-interest to the former Transco pension plans and obligated to pay the accrued benefits Mr. Pikas and other class members had earned under the Transco Plan. Complaint & Answer at ¶¶ 6-7, 42.

### B. Pension Benefits and Lump Sum Distributions to Class Members Under the Transco and Williams Plans

The Transco Plan provided pension benefits in the form of an annuity commencing at the normal retirement age of 65. In addition, effective November 15, 1991, the Transco Plan was amended by adoption of its "24th Amendment." The Amendment added an optional form of benefit permitting participants to elect to receive their pension benefits under the Plan in a lump sum distribution. Complaint & Answer at ¶ 25.

For participants who chose to receive their pension benefits in the form of an annuity, the Transco Plan paid monthly annuities that were subject to cost-of-living adjustments ("COLA"). However, for participants who elected to receive their benefits in a lump sum, the Transco Plan paid lump sum distributions that did not take into account the COLA increases applicable to the annuities. Complaint & Answer at ¶¶ 26-27.

When the Transco Plan was merged into the Williams Plan on December 31, 1998, the Williams Plan was amended to include Appendix XIX, which covered employees who had been participants in the Transco Plan prior to the merger. Under Appendix XIX, such participants were entitled to "grandfathered" benefits covering their years of service with Transco ("Grandfathered Benefits"). Complaint & Answer at ¶¶ 32-33.

As the Transco Plan had done, Appendix XIX of the Williams Plan provided COLA increases which were applicable to annuity benefits, but did not take the COLA increases into account when the benefits were distributed in the lump sum form of payment.

Thus, for participants who chose to receive their pension benefits in the form of an annuity, the Grandfathered Benefits consisted of monthly annuities that were subject to COLA increases. However, for participants who elected to receive their Grandfathered Benefits in the lump sum form of payment, the lump sum distributions did not take the COLA increases into account. Complaint & Answer at ¶¶ 34-35.

### C. The Claims

The Complaint asserts three interrelated claims—all stemming from that the fact that the lump sum distributions to the named plaintiff and other class members did not take into account the COLA increases applicable to annuities.

One, the Complaint asserts that the distributions violated the "actuarial equivalence rule" of ERISA § 204(c)(3)—that a lump sum distribution "shall be the actuarial equivalent"

4

of the participant's annuity benefit commencing at normal retirement age. Complaint ¶¶ 29, 37.

Two, the Complaint asserts that the distributions violated the "nonforfeitability rule" of ERISA § 203(a)(2)(A)—that employees who are vested have a nonforfeitable right to one-hundred percent of their accrued benefits. Complaint at ¶¶ 30, 38, 47.

Three, the Complaint asserts that the Transco Plan's 24th Amendment, as well as the Williams Plan's January 1, 1999 amendment establishing Appendix XIX, violated the "anti-cutback rule" of ERISA § 204(g)—that participants' accrued benefits may not be decreased by a plan amendment. Complaint at ¶¶ 31, 39, 48.

Defendants admit that these requirements of ERISA were applicable to Mr. Pikas and all other participants in the Transco and Williams Plans. Answer at ¶¶ 41, 43.

## II. LAW AND ARGUMENT

On a motion for class certification motion, "the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Shook v. El Paso County*, 386 F.3d 963, 971 (10th Cir. 2004), *cert. denied sub nom. Board of Cty. Comm'rs v. Shook*, 544 U.S. 978 (2005) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974), and quoting *Anderson v. City of Albuquerque*, 690 F.2d 796, 799 (10th Cir. 1982)). Although "the Court must conduct a rigorous review under Rule 23(a), 'doubts should be resolved in favor of class certification,'" *In re Williams Co. ERISA Litig.*, 231 F.R.D. 416, 420 (N.D. Okla. 2005), and "the court must accept the substantive allegations of the complaint as true," *Shook*, 386 F.3d at 968 (citing *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1290 n.7 (10th Cir. 1999)).

The plaintiffs "must satisfy all four requirements of Rule 23(a). Once that threshold requirement has been met, Plaintiffs must then show that the proposed class may be

5

certified under at least one of the provisions of Rule 23(b)." *In re Williams*, 231 F.R.D. at 420 (citing *J.B. ex rel. Hart*, 186 F.3d at 1287-88). As shown below, the instant case satisfies the requirements of 23(a) and 23(b)(3).

### A. THE REQUIREMENTS OF RULE 23(A) ARE SATISFIED

Rule 23(a) "lists four prerequisites to the certification of a class and the maintenance of a class action," commonly known as numerosity, commonality, typicality, and adequate representation. *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982), *cert. denied sub nom. Williams v. Milonas*, 460 U.S. 1069 (1983).

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impractical, (2) there are questions of law or fact common to the class (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

*In re Williams*, 231 F.R.D. at 420 (quoting Fed. R. Civ. P. 23(a)).

#### 1. The Class Is So Numerous That Joinder Is Impracticable

The "numerosity" requirement of Rule 23(a)(1) is satisfied where "the class is so numerous that joinder of all members is impracticable." Plaintiffs "are not required to demonstrate the precise number of potential class members," and "[t]he language of the rule as construed emphasizes that this criterion is not a 'numerousness test,' but rather a determination of impracticability of joinder." *Ponca Tribe of Indians v. Cont'l Carbon Co.*, 2007 U.S. Dist. LEXIS 577 (W.D. Okla. Jan. 3, 2007) [Exh. 5], at *12 (quoting *Independent Sch. Dist. No. 89 v. Bolain Equip., Inc.*, 90 F.R.D. 245, 247 (W.D. Okla. 1980)).

Thus, class certification has been granted "where as few as 17 to 20 persons are identified as the class." *Rex v. Owens ex rel. Oklahoma*, 585 F.2d 432, 436 (10th Cir. 1978) (citing *Arkansas Educ. Ass'n v. Board of Educ.*, 446 F.2d 763 (8th Cir. 1971)). *Accord*, *In re Farmers*, 2006 U.S. Dist. LEXIS 27290 (W.D. Okla. Apr. 13, 2006) [Exh. 6], at *13

6

("[a]lthough there is no magic number," classes of more than 40 members have been deemed to satisfy numerosity) (citing *Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270, 275 (10th Cir. 1977)). In *Ponca*, the court found that impracticability of joinder was shown where there were "at least 201 individual parcels within the geographic boundaries of the proposed class" and "[t]he owners of that property and hence the actual class members may be widely dispersed." *Ponca*, 2007 U.S. Dist. LEXIS 577, at *12.

Here, the class consists of all participants who received lump sum distributions under the Transco Plan or Article XIX of the Williams Plan since November 15, 1991. Complaint at ¶ 8. Plaintiffs believe the class members number in the hundreds, and they certainly are dispersed among the states—named plaintiff Pikas is a resident of Texas. *Id.* at ¶¶ 3, 9; Pikas Aff. at ¶ 1. Defendants, while not agreeing with the number, "nevertheless admit that joinder of all class members is impracticable." Answer at ¶ 9.

### 2. There Are Questions of Law or Fact Common to the Class

The "commonality" requirement of Rule 23(a)(2) is satisfied where "there are questions of law or fact common to the class." The Tenth Circuit notes that "[c]ommonality is not necessary on every issue raised in a class action," but rather "Rule 23 is satisfied when the legal question linking the class members is substantially related to the resolution of the litigation." *Realmonte v. Reeves*, 169 F.3d 1280, 1285 (10th Cir. 1999) (quoting *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995), *cert. denied sub nom. Crehan v. Boer*, 517 U.S. 1156 (1996)).

Thus, "[t]he commonality requirement is usually easily met, as it requires only that the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *In re Williams*, 231 F.R.D. at 420 (quoting *In re Ikon Office Solutions, Inc.*, 191 F.R.D. 457, 463 (E.D. Pa. 2000). *Accord*, *Ponca*, 2007 U.S. Dist. LEXIS 577, at

7

*12-13 (citing *J.B. ex rel. Hart*, 186 F.3d at 1288).  In this case, the primary issues are common to the class:

(1) whether the lump sum distributions to class members violated the actuarial equivalence rule of ERISA § 204(c)(3) that a lump sum distribution "shall be the actuarial equivalent" of the participant's annuity benefit commencing at normal retirement age;

(2) whether the lump sum distributions violated the nonforfeitability rule of ERISA § 203(a)(2)(A) that employees who are vested have a nonforfeitable right to one-hundred percent of their accrued benefits;

(3) whether the Transco Plan's 24th Amendment and the Williams Plan's amendment establishing Appendix XIX violated the anti-cutback rule of ERISA § 204(g) that participants' accrued benefits may not be decreased by a plan amendment.

Defendants admit that these requirements of ERISA were applicable to Mr. Pikas and all other participants in the Transco Plan and the Williams Plan, and that there are questions of law or fact common to the class.  Complaint at ¶ 10; Answer at ¶¶ 10, 41, 43.

### 3. The Named Plaintiff's Claims Are Typical of the Class

The "typicality" requirement of Rule 23(a)(3) is satisfied where "the claims ... of the representative parties are typical of the claims ... of the class."  Here, Defendants admit that the typicality requirement is satisfied.  Complaint & Answer at ¶ 11.

The typicality requirement is met if the named plaintiff's claims arise "from the same event or practice or course of conduct that gives rise to the claims of the other class members, and her or his claims are based on the same legal theory."  H. Newberg, Newberg on Class Actions § 18.08 (3d. ed. 1992).  Indeed, "[t]he Tenth Circuit has made clear that 'differing fact situations of class members do not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the same legal or remedial theory.'"  *Ponca*, 2007 U.S. Dist. LEXIS 577, at *14 (quoting *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988), *cert. denied*, 544 U.S. 978 (2005)).

8

Consequently, "[f]actual differences in the claims of the class members should not result in a denial of class certification where common questions of law exist." *Milonas*, 691 F.2d at 938 (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1189 (10th Cir. 1975)).

In *In re Williams*, the court found that "[p]laintiffs and the class assert a claim for plan-wide relief under ERISA § 502(a)(2), which is by definition a representative action on behalf of the plan as a whole." *In re Williams*, 231 F.R.D. at 422 (citing *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985)). *See also In re Farmers*, 2006 U.S. Dist. LEXIS 27290, at *29 n.12 (typicality was met where the claims of the named plaintiffs and the class were "based upon the same alleged statutory violations").

Here, as in *In re Williams*, the named plaintiff asserts the same claims under ERISA as all other class members. Defendants admit that the claims arose out of the same course of conduct and are based on the same legal theories, and that the named plaintiff's claims are typical of the claims of the class. Complaint at ¶ 11; Answer at ¶¶ 11, 41, 43.

### 4. The Named Plaintiff Is an Adequate Class Representative

The "adequacy of representation" requirement of Rule 23(a)(4) is satisfied where "the representative parties will fairly and adequately protect the interests of the class." In determining adequacy, "two questions must be resolved: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Farmers*, 2006 U.S. Dist. LEXIS 27290, at *17-18 (citing *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-88 (10th Cir. 2002)).

Courts hold that "in order for a conflict of interest to render a named class representative an inadequate class representative, the conflict must be more than merely speculative or hypothetical. There must be a showing that the conflict is a real probability."

*In re Farmers*, 2006 U.S. Dist. LEXIS 27290, at *29-31 (citations omitted) (citing 5 Moore's Federal Practice, § 23.25[2][b][ii] (3d. ed. 2005); *Robertson v. National Basketball Ass'n*, 389 F. Supp. 867, 899 (S.D.N.Y. 1975)).  Absent a conflict of interest, or evidence that the named plaintiff will not vigorously prosecute the case, the district court may assume that the named plaintiff is an adequate class representative.  *Guaranteed Ins. Agency Co. v. Mid-Continental Realty Corp.*, 57 F.R.D. 555, 565-66 (N.D. Ill. 1972).  *Accord*, *In re Lease Oil Antitrust Litigation*, 186 F.R.D. 403, 422 (S.D. Tex. 1999), *aff'd*, 200 F. 3d 317 (5th Cir. 2000) (holding that "[i]n the absence of a showing to the contrary, the court may generally presume that prosecution of the action will be vigorous").

Here, the named plaintiff is committed to vigorously prosecuting this action, and his interests are not in conflict, but rather are coincident, with the interests of other class members.  Pikas Aff. at ¶ 6.  The named plaintiff's counsel have broad experience in ERISA litigation and other class actions, having litigated major class actions on behalf of hundreds of thousands of claimants, resulting in substantial compensation to those claimants through both settlements and judgments.  Complaint at ¶ 11; Affidavit of Thomas R. Theado [Exh. 2]; Affidavit of Jeffrey C. Engerman [Exh. 3]; and Affidavit of Patrick E. Carr [Exh. 4].  Proposed class counsel satisfy the requirements of Rule 23(g)(1) and (4) and therefore qualify for appointment under Rule 23(g)(2).[2]

Thus, this case is similar to *In re Williams*, where the court concluded that "the proposed class representatives' interests are aligned with the class and they have retained

---

[2] Proposed class counsel have extensive experience in ERISA class actions and, through that experience, are well-versed in the applicable law.  Before and after the filing of this action, they have devoted substantial research and other work to investigating and identifying the claims asserted in the Complaint.  They have committed the resources necessary to represent the class, and will fairly and adequately represent the interests of the class.  Affidavit of Thomas R. Theado [Exh. 2]; Affidavit of Jeffrey C. Engerman [Exh. 3]; and Affidavit of Patrick E. Carr [Exh. 4].

qualified counsel with extensive experience in representing plaintiffs in ERISA class litigation. Accordingly, the court finds that the Plaintiffs have satisfied the requirements of Rule 23(a)(4)." *In re Williams*, 231 F.R.D. at 424.

### B. CLASS CERTIFICATION IS APPROPRIATE UNDER FED. R. CIV. P. 23(b)

Where the requirements of Rule 23(a) are satisfied, as they are in this case, the court "must then examine whether the action falls within one of three categories of suits set forth in Rule 23(b)." *Shook*, 386 F.3d at 971 (quoting *Adamson*, 855 F.2d at 675). Here, Plaintiffs seek certification under Rule 23(b)(3). To determine 23(b)(3)'s two requirements, known as predominance and superiority, the court must find that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3), *quoted in Monreal v. Potter*, 367 F.3d 1224, 1237 (10th Cir. 2004)).

### 1. The Predominance Requirement Is Satisfied

The "predominance" requirement of Rule 23(b)(3) is satisfied where "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Here, Defendants admit that the common questions "should predominate over any questions affecting individual members." Answer at ¶ 13.

Predominance is shown where the issues that are common to the class "represent a significant aspect of the case" and are "able to be resolved for all members of the class in a single adjudication." 7A Wright, Miller, & Kane, Federal Practice and Procedure 2d § 1778 (1986), *quoted in Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Thus, "[f]or the predominance requirement to be met, plaintiffs' claims must stem from a 'common nucleus of operative facts' and not have 'material variations in elements.'" *In re*

11

*Farmers*, 2006 U.S. Dist. LEXIS 27290, at *34 (citations omitted) (citing *Meyers v. Southwestern Bell Tel. Co.*, 181 F.R.D. 499, 502 (W.D. Okla. 1997).

The predominance requirement focuses on liability issues. If common liability issues predominate over individual liability issues, then the predominance requirement is satisfied even though the damages issues may be individualized:

> Rule 23(b)(3) does not require that all questions of law or fact be common; it only requires that the common questions predominate over individual questions. Courts generally focus on the liability issue in deciding whether the predominance requirement is met, and if the liability issue is common to the class, common questions are held to predominate over individual questions.

*Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 93 (S.D.N.Y. 1981). Common liability issues may predominate even though individual damages issues will remain:

> [T]he "overwhelming weight of authority" holds that the need for individual damages calculations does not diminish the appropriateness of class action certification where common questions as to liability predominate.

*Wolgin v. Magic Marker Corp.*, 82 F.R.D. 168, 176 (E.D. Pa. 1979). *Accord*, *Ponca*, 2007 U.S. Dist. LEXIS 577, at *23-24 ("it is clear that a class may be certified under Rule 23(b)(3) even where individualized questions of damage exist") (citing 7AA Wright, Miller & Kane, Federal Practice and Procedure 3d § 1778, 122-23 (2005)).

In *Ponca*, the court held that "when one or more of the central issues in the action" predominate, "the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members." *Ponca*, 2007 U.S. Dist. LEXIS 577, at *24 (quoting 7AA Federal Practice and Procedure 3d § 1778, 122-23 (2005)).

Courts have certified ERISA class actions under Rule 23(b)(3), finding the predominance requirement readily satisfied. *See Smith v. United Healthcare Servs., Inc.*, 2002 U.S. Dist. LEXIS 2140, at *17 (D. Minn. Feb. 5, 2002) [Exh. 7] (class of participants

in ERISA welfare plan alleging overcharges); *Bellas v. CBS, Inc.*, 201 F.R.D. 411, 419-24 (W.D. Pa. 2000) (class action asserting ERISA claims for breach of fiduciary duty); *Brooks v. Educators Mut. Life Ins. Co.*, 206 F.R.D. 96, 104-08 (E.D. Pa. 2002) (common ERISA claims arising under group medical insurance contract). *See also, e.g., Costantino v. TRW, Inc.*, 773 F. Supp. 34 (N.D. Ohio 1991), *aff'd as modified*, 13 F.3d 969 (6th Cir. 1994); *Rybarczyk v. TRW Inc.*, 235 F.3d 975 (6th Cir. 2001).

Here, all of the liability issues are common to the class. The primary liability questions are whether Defendants violated ERISA § 204(c)(3)'s rule that a lump sum distribution "shall be the actuarial equivalent" of the participant's annuity benefit commencing at normal retirement age, and ERISA § 203(a)(2)(A)'s rule that employees have a nonforfeitable right to 100% of their vested accrued benefits. Defendants admit that these ERISA requirements applied to all plan participants, and that the common issues "should predominate over any questions affecting individual members of the class." Answer at ¶¶ 13, 41, 43. Inasmuch as the common questions "stem from a 'common nucleus of operative facts' and [do] not have 'material variations in elements,'" the predominance requirement is satisfied. *In re Farmers*, 2006 U.S. Dist. LEXIS 27290, at *34.

### 2. The Superiority Requirement Is Satisfied

The "superiority" requirement of Rule 23(b)(3) is met where "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." In *Ponca*, the class action was "superior to conducting individualized cases for each potential class member" because "having hundreds of property owners file the same action against the same defendants for the same types of injury is a clear waste of judicial resources." *Ponca*, 2007 U.S. Dist. LEXIS 577, at *25. *See In re Farmers*, 2006 U.S. Dist. LEXIS 27290, at *44 (involving "standardized conduct affecting numerous consumers

geographically dispersed" where a class action "enables consumers to share in a financial recovery which they might not otherwise have pursued on their own behalf").

ERISA cases readily satisfy the superiority requirement because class litigation in such cases represents an efficient and economical method to adjudicate the controversy. *Smith*, 2002 U.S. Dist. LEXIS 2140, at *17; *Bellas v. CBS, Inc.*, 201 F.R.D. 411, 419-24 (W.D. Pa. 2000); *Brooks v. Educators Mut. Life Ins. Co.*, 206 F.R.D. 96, 104-08 (E.D. Pa. 2002). *See also In re Williams*, 231 F.R.D. at 418 ("certifying the class at this time will facilitate a fair and efficient resolution of this case").

Such efficiencies are evident here. Certification under Rule 23 will permit classwide adjudication of all liability issues. Defendants admit that requiring class members to pursue their claims individually would involve a host of separate suits, with concomitant duplication of costs, attorneys fees, and demands on court resources. Complaint & Answer at ¶ 14. This case is clearly one in which "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### III. CONCLUSION

Having demonstrated that this case satisfies the requirements of Rule 23(a) and qualifies for certification under 23(b)(3), Plaintiffs respectfully request that class certification be granted.

                                  Respectfully submitted,

                                  s/ Thomas R. Theado
                                  Thomas R. Theado (Admitted *Pro Hac Vice*)
                                  Trial Attorney for Plaintiffs
                                  GARY, NAEGELE & THEADO, LLC
                                  446 Broadway Avenue
                                  Lorain, Ohio 44052-1740
                                  Phone:     (440) 244-4809
                                  Facsimile:  (440) 244-3462
                                  E-Mail:    TomTheado@aol.com

|  |  |
|---|---|
| Local Counsel: | Patrick E. Carr, OBA #1506 |
|  | A. Laurie Koller, OBA #16857 |
|  | Guy A. Thiessen, OBA #13170 |
|  | CARR & CARR, ATTORNEYS |
|  | 4416 South Harvard Avenue |
|  | Tulsa, Oklahoma 74135 |
|  | Phone: (918) 747-1000 |
|  | Facsimile: (918) 747-7284 |
|  | E-Mails: PCarr@CarrCarr.com, |
|  | LKoller@CarrCarr.com, |
|  | and GThiessen@CarrCarr.com |
| Of Counsel: | Jeffrey C. Engerman (Admitted *Pro Hac Vice*) |
|  | LAW OFFICES OF JEFFREY C. ENGERMAN, PC |
|  | 12400 Wilshire Boulevard, Seventh Floor |
|  | Los Angeles, California 90025-1030 |
|  | Phone: (310) 207-7777 |
|  | Facsimile: (310) 207-7779 |
|  | E-mail: JEngerman@EngermanLaw.com |
|  | Allen C. Engerman (Admitted *Pro Hac Vice*) |
|  | LAW OFFICES OF ALLEN C. ENGERMAN, P.A. |
|  | 4800 North Federal Highway, Suite 100-D |
|  | Boca Raton, Florida 33431-5178 |
|  | Phone: (561) 392-2222 |
|  | Facsimile: (561) 393-0646 |
|  | E-Mail: FLACELaw@Yahoo.com |
|  | Robert D. Gary (Admitted *Pro Hac Vice*) |
|  | Jori Bloom Naegele (Admitted *Pro Hac Vice*) |
|  | Thomas A. Downie (Admitted *Pro Hac Vice*) |
|  | GARY, NAEGELE & THEADO, LLC |
|  | 446 Broadway Avenue |
|  | Lorain, Ohio 44052-1740 |
|  | Phone: (440) 244-4809 |
|  | Facsimile: (440) 244-3462 |
|  | E-Mails: Office@GNTLaw.com, |
|  | JNaegele@GNTLaw.com, |
|  | and TDownie@GNTLaw.com |

COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Edward P. Perrin, Jr., via EPerrin@HallettPerrin.com and
JNorthrip@HallettPerrin.com
Jennifer R. Poe, via JPoe@HallettPerrin.com
Robert D. Gary, via RGary@GNTLaw.com
Jori Bloom Naegele, via JNaegele@GNTLaw.com
Thomas A. Downie, via TDownie@GNTLaw.com
Allen C. Engerman, via ACELaw@mcn.org
Jeffrey C. Engerman, via JEngerman@EngermanLaw.com
Thomas R. Theado, via TomTheado@aol.com, EnviroLit@aol.com,
and Office@GNTLaw.com

s/ Thomas R. Theado
Thomas R. Theado (Admitted *Pro Hac Vice*)
Trial Attorney for Plaintiffs
GARY, NAEGELE & THEADO, LLC
446 Broadway Avenue
Lorain, Ohio 44052-1740
Telephone: (440) 244-4809
Telecopier: (440) 244-3462
E-mail: TomTheado@aol.com