**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSEPH L. PIKAS, on behalf of himself and all other persons similarly situated, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-101-GKF-PJC |
| | ) | |
| THE WILLIAMS COMPANIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the Court on the Motion to Dismiss filed by defendants The Williams Companies, Inc. and The Williams Pension Plan, (collectively herein "Williams") (Dkt. #48),  the Motion to Reconsider Conditional Class Certification filed by Williams (Dkt. #49), the Motion to Reconsider the Court's July 6, 2009 Decision, filed by plaintiffs Joseph L. Pikas ("Pikas") and all others similarly situated ("the Class") (Dkt. #54), the Motion to Amend the Class Definition filed by plaintiffs (Dkt. #55), and the Motion to Clarify the Process for the Intervention or Joinder of an Additional Named Plaintiff filed by plaintiffs (Dkt. #67).  These motions follow the Court's Order of July 6, 2009 finding that plaintiffs' claims were most properly characterized as statutory claims under ERISA, and therefore applying Oklahoma's three-year statute for actions upon liability created by statute. (Dkt. #45 (Citing 12 Okla. Stat. § 95(A)(2))).  Prior to the Order of July 9, 2009, the parties had briefed only the issue of the applicable statute of limitations and not the issue of when a claim for underpayment of benefits would accrue.  This Court therefore did not address the issue of accrual in the previous order. (*Id*.)  That issue has now been raised in the briefs and is ripe for determination.

**I.  Plaintiffs' Motion to Reconsider the Court's July 6, 2009 Decision (Dkt. #54)**

Pikas and the Class move to reconsider the decision to apply a three-year statute of limitations to the class claims. (Dkt. #54).   A motion to alter class certification is properly characterized under Fed. R. Civ. P. 23(c)(1)(C), not under Rule 59(e), because the class certification is not a final judgment.  A determination on class certification may be altered or amended before the decision on the merits "if, upon fuller development of the facts, the original determination appears unsound." Fed. R. Civ. P. Rule 23(c), Notes of Advisory Comm., Subdivision (c)(1) (1966); *see also In re FleetBoston Fin. Corp. Sec. Litig.*, 2007 WL 4225632, *5 (D.N.J. Nov. 28, 2007).  The Tenth Circuit has recognized "that Rule 23(c)(1)(C) permits the district court to alter or amend a certification decision . . . parties may suggest such changes as the factual record and legal theories develop." *Carpenter v. Boeing Co.*, 456 F.3d 1163, 1191 (10th Cir. 2006).

Plaintiffs reiterate the arguments made during briefing on the statute of limitations issue and point to the recent decision in *Hakim v. Accenture U.S. Pension Plan* from the Northern District of Illinois as grounds to reconsider.  (Dkt. #54, p.6-10; citing 656 F.Supp. 2d 801 (N.D. Ill. September 3, 2009)).  This Court my consider *Hakim* for its persuasive value only.  In *Hakim*, the court had to analogize ERISA claims for a pension benefit to a state law statute of limitations. *Id.   Hakim,* however, is distinguishable from this case because the court there faced a choice between Illinois' "catch-all" statute of limitations and its "written contracts" statute. *Id.* at 817-819.  There was no mention of an Illinois counterpart to Oklahoma's statute of limitations for actions brought for liabilities created under statute. *Id.*  This Court is not persuaded it should alter its conclusion that the "most closely analogous" state statute of limitations (*Lang v. Aetna Life Ins. Co.*, 197 F.3d 1102, 1104 (10th Cir. 1999)) is the three year limit for actions upon liability created by statute.  The Motion to Reconsider (Dkt. #54) is therefore denied.

## II.   Defendant's Motion to Dismiss (Dkt. #48)

Williams seeks to dismiss Pikas' individual claims as time-barred under the applicable 3 year statute of limitations. (Dkt. #48).  However, the date when Pikas' claims accrued must be determined in order to decide whether the claims are barred.  The accrual date for federal question claims is governed by federal law.  *Abdel v. U.S. Bancorp*, 457 F.3d 877, 880 (8th Cir. 2006).  The Tenth Circuit has stated a basic "administrative exhaustion" rule requiring exhaustion of administrative remedies before an ERISA cause of action will accrue.  *Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1205 (10th Cir. 1990).  "Uniformly, courts recognize that an ERISA cause of action accrues when an application for benefits is denied.  Therefore, exhaustion of administrative (i.e., company- or plan-provided) remedies is an implicit prerequisite to seeking judicial relief."  *Held*, 912 F.2d at 1205 (citations omitted).  In string citing that proposition, however, the *Held* court also cited a Second Circuit decision which the Tenth Circuit summarized as follows: "('[an] ERISA cause of action accrues, and the ... limitations period begins to run, when there has been 'a repudiation by the fiduciary which is *clear* and made known to the beneficiar[y]'')."  *Id.* (quoting *Miles v. N.Y. State Teamsters Conf. Pension & Ret. Fund Emp. Benefit Plan,* 698 F.2d 593, 598 (2nd Cir. 1983) (emphasis in original)).  The summary states what has come to be known as the "clear repudiation rule," a rule which does not have a *per se* requirement that benefits be formally denied or administrative remedies be exhausted as a prerequisite to seeking judicial relief.

In the twenty years since *Held* was decided, a number of circuits have either adopted the clear repudiation rule and/or acknowledged the split of authority. *See Miller v. Fortis Ben. Ins. Co.*, 475 F.3d 516, 523 (3rd Cir. 2007) (acknowledging circuit split and holding that an action for

underpayment of long-term disability benefits accrued upon the plaintiff's initial receipt of an erroneously calculated award); *see also Abdel v. U.S. Bancorp*, 457 F.3d 877 (8th Cir. 2006) (acknowledging that the Eighth Circuit has sent "conflicting signals about whether an ERISA claim accrues at the time of the initial denial... or after the timely exhaustion of administrative remedies," but not deciding the issue). The Tenth Circuit, however, reiterated its administrative exhaustion rule in 2009: "[w]e recognize that a benefits claimant must pursue the administrative process to its conclusion before filing an ERISA suit." *Salisbury v. Hartford Life & Acc. Ins. Co.*, 583 F.3d 1245, 1249 (10th Cir. 2009).[1]   Williams argues that the administrative exhaustion rule would allow plaintiffs to keep the statute of limitations running indefinitely by waiting to file an administrative claim for benefits and that this would "def[y] common sense and the purpose of limitations

---

[1]Williams cites two district court cases from the Tenth Circuit for the proposition that administrative exhaustion is not a prerequisite to the accrual of a claim; however both of these cases are limited to the context of claims of independent contractors for regular employee benefits. *See Scruggs v. ExxonMobil Pension Plan & ExxonMobil Savings Plan*, 2008 WL 2704614, *4 (W.D. Okla. June 30, 2008) ("the limitations period applicable to a claim that an individual was improperly classified or treated as an independent contractor begins to run when the prospective claimant first learns, or should have known, that she was considered an independent contractor not entitled to benefits"); *Muller v. Am. Mgmt. Ass'n Int'l*, 368 F.Supp. 2d 1166, 1172 (D. Kan. Dec. 22, 2004) ("plaintiffs' claims for ERISA benefits accrued when plaintiffs first learned they were not entitled to benefits by virtue of their independent contractor status"). Both decisions apply the clear repudiation rule to find that plaintiffs knew or should have known that as independent contractors they were not eligible for employee benefits. *See Scruggs*, 2008 WL 2704614; *Muller*, 368 F.Supp. 2d at 1172. Neither of these decisions are binding precedent upon this Court, and both deal exclusively with claims by independent contractors and are thus distinguishable and unpersuasive. Moreover, as discussed in the body of this opinion, even if the clear repudiation rule were to apply, the facts of this case do not show repudiation which was clear and made known to Pikas.

protection."[2] (Dkt. #61, p.8-9 (quoting *Scruggs*, 2008 WL 2704614, *4)).  An indefinite period for administrative review would only apply when the benefit provider chooses to leave open that possibility by not writing a reasonable time restriction for administrative appeals into the benefit contract.   The Tenth Circuit has recognized the "interlocking remedial structure" of the administrative review process and the federal courts.  *Salisbury*, 583 F.3d at 1248, 1249.  It explicitly acknowledged the "[p]lan's right to set a limitations period and the claimant's need to exhaust administrative remedies."  *Id*.   In this case, the benefit plan set no time limit for an administrative appeal for benefits that had been denied. (Dkt. #53, p.14).   Thus, Pikas' administrative claim was timely brought.  Because his federal cause of action did not accrue until his administrative remedies were exhausted on April 22, 2004 (Dkt. #53, p.3), his federal suit filed in the Southern District of Ohio on November 14, 2006 was also timely.[3]

---

[2]Williams is essentially arguing that under ERISA, although the terms of the Williams Pension Plan (and Tenth Circuit precedent) prohibit a claimant from filing a federal lawsuit until after administrative remedies are exhausted, the statute of limitations may begin to run before a federal lawsuit could be brought. (*See* Dkt. #61).  The Supreme Court has held, however, that "[w]hile it is theoretically possible for a statute to create a cause of action that accrues at one time for the purpose of calculating when the statute of limitations begins to run, but at another time for the purpose of bringing suit, we will not infer such an odd result in the absence of any such indication in the statute." *Reiter v. Cooper*, 507 U.S. 258, 267 (1993).  There is no indication in either ERISA or in the benefit plan that a claim could accrue for statute of limitations purposes at a separate time than it could accrue for the purpose of bringing the lawsuit. (*See* Dkt. #53). This Court declines to read such an odd result into the benefit plan or the Tenth Circuit's precedent.

[3]This approach has support from other jurisdictions as well. *See Young v. Verizon's Bell Atlantic Cash Balance Plan*, 667 F.Supp. 2d 850 (N.D. Ill. Nov. 2, 2009) (granting class certification for claims for underpaid benefits that occurred outside the applicable statute of limitations period because the claims had not yet accrued); *Cohen v. Local 338-RWDSU/UFCW, 2010 WL 3199695* (S.D.N.Y. Aug. 12, 2010) (finding a claim for retirement benefits filed nineteen years after payments were due was not barred by a six year statute of limitations because claim had not yet accrued).

Even if the Tenth Circuit does not remain committed to its administrative exhaustion rule, Pikas' claims are still timely under the "clear repudiation" rule.  The parties have not provided, nor has the Court discovered, case authority wherein an alleged underpayment of lump sum benefits based upon a rather esoteric interpretation of ERISA law put a potential plaintiff on notice that his benefits have been "clearly repudiated."   Courts have divided on the issue, but the weight of authority has held that an underpayment of a claim for benefits does not normally constitute a "clear repudiation" for the claim to accrue, particularly where the underpayment is not readily apparent. *See Cohen v. Local 338-RWDSU/UFCW*, 2010 WL 3199695 (S.D.N.Y. Aug. 12, 2010); *Larsen v. NMU Pension Trust of NMU Pension & Welfare Plan*, 902 F.3d 1069, 1074 (2nd Cir. 1990); *Novella v. Westchester Cnty.*, 443 F.Supp. 2d 540, 545 (S.D.N.Y. 2006); *Miele v. Pension Plan of N.Y. State Teamsters Conf. Pension Plan & Ret. Fund*, 72 F.Supp. 2d 88, 99 (E.D.N.Y. 1999); *but see Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 522-23 (3rd Cir. 2007) (underpayment qualified as a clear repudiation where monthly check based on a simple calculation of sixty percent of his salary should have alerted him that he was being underpaid).

As Pikas argues, the right asserted in this case is based upon a narrow ERISA provision and involves a very technical actuarial calculation. (Dkt. #53, p.5).  There is nothing about the alleged underpayment which should have made the repudiation "clear and made known to the beneficiary" (*Held*, 912 F.2d at 1206)  until Pikas' administrative appeal was complete.  Therefore this Court concludes that, if a clear repudiation rule were to be applied, Pikas' claims in this case did not accrue until his administrative remedies were exhausted.  Therefore, Williams' motion to dismiss must be denied.

### III.   Motion to Amend the Class Definition (Dkt. #55)

The plaintiffs' Motion to Amend the Class Definition (Dkt. #55, p.2) is moot in light of this Court's holding above that participants' claims in the Williams Plan and Transco Plan do not accrue until they exhaust their administrative remedies. Therefore it is unnecessary to limit the class to payments made after November 15, 2003.  The current class definition need only be limited to class members whose claims accrued after November 15, 2003; not to those whose payments were made after that date.  The proposed amendments do not properly describe the class in light of this Court's ruling on Williams' Motion to Dismiss.  The plaintiffs' Motion to Amend is thus denied as moot.

### IV.   Motion to Reconsider Conditional Class Certification [Dkt. # 49]

Williams asks the Court to reconsider the conditional class certification (to which Williams previously stipulated) in light of its motion to dismiss Pikas' claims under the statute of limitations. (Dkt. #49).  Because this Court has denied Williams' motion to dismiss Pikas' claims and has found that the claims were timely made, the Motion to Reconsider is denied.

### V.   Motion to Clarify (Dkt. #67)

Plaintiffs seek to clarify the procedure for the intervention or joinder of a replacement named plaintiff. (Dkt. #67).  Because the Court has found that Pikas' claims are timely and need not be dismissed, this motion is moot.  Plaintiffs' Motion to Clarify (Dkt. #67) is therefore denied as moot.

**WHEREFORE**, the Motion to Dismiss (Dkt. #48) is **denied**, the Motion to Reconsider Conditional Class Certification (Dkt. #49) is **denied**, the Motion to Reconsider the Court's July 6, 2009 Decision (Dkt. #54) is **denied**, the Motion to Amend the Class Definition (Dkt. #55) is **denied**, and the Motion to Clarify the Process for the Intervention or Joinder of an Additional Named Plaintiff (Dkt. #67) is **denied**.

**IT IS SO ORDERED** this 27th day of September 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma